UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
**5:25-CV-70**

ESTATE OF JIMMIE DAVIS,

               Plaintiff,

    v.                                  **CIVIL ACTION NO. 5:25-CV--70**

DEBRA LYNN WATSON and
AAH HOMES, LLC,

               Defendant.

       Plaintiff Estate of Jimmie Davis, by and through its Executor LeRoi Johnson and through

its counsel, alleges and avers:

       1.      The Plaintiff is the Estate of Jimmie Davis, who died testate on or about May 15,

2021.

       2.      LeRoi Johnson has been appointed as administrator of the Estate of Jimmie Davis

by the Erie County Surrogate's Court, Erie County, New York.

       3.      At the time of his death Jimmie Davis was a citizen of the State of New York.

       4.      The Defendant Debra Lynn Watson is a citizen and resident of Catawba County,

North Carolina.

       5.      The Defendant AAH Homes, LLC, is a limited liability company organized and

existing under the laws of the State of North Carolina with its principal offices in Caldwell

County, North Carolina.

       6.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332 as this action is between citizens of different States and the matter in controversy

1

exceeds $75,000.

7. Venue is proper in the United States District Court for the Western District of North Carolina under 28 U.S.C. § 1391(b)(1) and (b)(2), inasmuch as the event or omissions giving rise to the following claims occurred within this judicial district and the Defendants reside in this district.

8. The Defendants entered a valid and binding contract with Jimmie Davis to serve as property manager for four properties owned by Jimmie Davis, consisting of properties at 702 East Union Street, 3215 Berry Court, 3140 Ward Green, and 2914 Hidden Meadows, all located in Lenoir, Caldwell County, North Carolina.

9. Pursuant to the terms of the agreement, the Defendants were to be paid a fee of ten percent (10%) of the revenues received, and the balance of the rental revenues were to be distributed to Jimmie Davis (and/or his Estate) subject only to a reduction for expenses for said properties.

10. The Defendants received revenues for the years 2021, 2022, and 2023, and a portion of 2024, for the aforementioned properties.

11. For the year 2021, the Defendants reported gross revenue of $22,065 and net proceeds of $18,627.71 (*i.e.* revenues less management fee less expenses).

12. For the year 2022, the Defendants reported has reported gross revenue of $32,410 and net proceeds of $14,325.26.

13. For the year 2023, the Defendants reported has reported gross revenue of $29,235 and net proceeds of $16,732.84.

14. The Defendants never submitted an accounting for net proceeds for the year 2024, even though the Defendants collected rents from January 1, 2024 through September 30, 2024.

2

15.     The Defendants' services as property manager were terminated by the Plaintiff on July 12, 2024, due to lack of payment and lack of communication.

16.     Notwithstanding that the Defendants' services were terminated on July 12, 2024, they continued collecting rents until September 31, 2024 without Plaintiff's permission.

17.     Upon information and belief, Defendants collected an estimated $21,000.00 from January 1, 2024 until July 12, 2024, and that from July 12, 2024 through September 30, 2024, they collected another $9,000, or approximately $30,000 in 2024.

18.     The Plaintiff has repeatedly requested that the Defendants submit an accounting for the year 2024 and that the Defendants remit to the Plaintiff the net proceeds for the years 2021-2024, but the Defendants have failed and refused to remit said amounts owing.

19.     The Defendants have wrongfully retained the Plaintiff's net proceeds from the rental of four properties.

20.     The Defendants are not and have not been licensed as a real estate agent or broker in the State of North Carolina.

21.     Under North Carolina law, a real estate license is required in order to lawfully manage real property.

22.     The Defendants have engaged in unlawful conduct in retaining the net proceeds payable to the Plaintiff.

FIRST CAUSE OF ACTION

(Breach Of Contract)

23.     The Plaintiff here by incorporates by reference as if set forth fully herein the allegations of paragraphs 1-22 of the complaint.

24.     The parties entered a valid and binding contract, pursuant to the terms of which

3

the Defendants were obligated to pay the Plaintiff the net proceeds for the rental of properties owned by Jimmie Davis.

25.     The Defendants breached the agreement with the Plaintiff by failing and refusing to make payments owed to the Plaintiff.

26.     The Plaintiff is entitled to judgment against the Defendants for breach of contract.

SECOND CAUSE OF ACTION

(Breach of Fiduciary Duty)

27.     The Plaintiff hereby incorporates by reference as if set forth fully herein the allegations of paragraphs 1 – 26 of the complaint.

28.     The Defendants as property manager receiving rents stood in a position of trust and confidence with respect to the Plaintiff.

29.     The Defendants had a fiduciary obligation to act in the best interests of the Plaintiff.

30.     The Defendants breached their fiduciary duties to the Plaintiff by failing to submit accountings to the Plaintiff and failing to remit the net proceeds to the Plaintiff.

31.     The Defendants are liable to the Plaintiff for breach of fiduciary duty.

THIRD CAUSE OF ACTION

(Unfair and Deceptive Trade Practices)

32.     The Plaintiff hereby incorporates by reference as if set forth fully herein the allegations of paragraphs 1-31 of the complaint.

33.     The actions of the Defendants as described herein are in or affecting commerce within the State of North Carolina.

34.     The Defendants' conduct is unfair and deceptive in that it is fraudulent and

4

contrary to public policy and unfair and oppressive.

35.     The Defendants have abused their fiduciary position to the detriment of the Plaintiff by failing and refusing to remit monies owed to the Plaintiff.

36.     The Defendants have unlawfully engaged in the business of property management in the State of North Carolina without having a valid real estate license issued by the North Carolina Real Estate Commission.

37.     The Plaintiff has been harmed by the unfair and deceptive acts of the Defendants as described herein, including the conversion of the Plaintiff's property.

38.     The Defendants have failed and refused to resolve this matter, and has wholly ignored a demand letter sent by the Plaintiff's counsel prior to the filing of this action.

39.     The Plaintiff is entitled to recover treble damages and legal fees and compensatory damages based on the Defendant's actions as alleged herein, pursuant to Chapter 75 of the North Carolina General Statutes.

FOURTH CAUSE OF ACTION

(Conversion)

40.     The Plaintiff hereby incorporates by reference as if set forth fully herein the allegations of paragraphs 1-39 of the complaint.

41.     The Defendant committed an unauthorized assumption and exercise of the right of ownership over the Plaintiff's rental proceeds, to the exclusion the Plaintiff's rights.

42.     The Defendants are liable to the Plaintiff for conversion of the Plaintiff's property.

WHEREFORE, for the foregoing reasons, the Plaintiffs as follows:

1.     For a judgment against the Defendants for breach of contract;

5

2.     For a judgment against the Defendants for *quantum meruit*;

3.     For a judgment against the Defendants for unfair and deceptive trade practices;

4.     For a judgment against the Defendants for conversion;

5.     For the recovery of legal fees and costs; and

6.     For other and such relief as the Court deems just.

Respectfully submitted, this the 5th day of May, 2025.


_____

John M. Kirby
Law Offices of John M. Kirby, PLLC
4801 Glenwood Ave., suite 200
Raleigh, NC  27612-3856
919-861-9050
Counsel for Plaintiff

6